UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                                            Case No. 8:13-bk-06685-MGW
                                                                                                           Chapter 13
Varrie L. Spark,

       Debtor.
_____/

**MEMORANDUM OPINION ON
BALLOON PAYMENTS IN CHAPTER 13 CASES**

Under Bankruptcy Code § 1325, a debtor that makes periodic payments on account of a secured claim must make those payments in "equal monthly amounts."[1] In her plan, the Debtor proposes to pay Wells Fargo Bank, National Association,[2] which holds a first mortgage on the Debtor's property, fifty-nine monthly payments, followed by a balloon payment on the sixtieth month, on account of its secured claim. Because the balloon payment is not equal to the preceding fifty-nine monthly payments, the Debtor's proposed plan violates § 1325(a)(5). Accordingly, the Court cannot confirm the Debtor's plan as proposed.

**Background**

The Debtor owns non-homestead property located at 2690 64th Avenue South, St. Petersburg, Florida (the "Property").[3] Wells Fargo Bank, National Association ("Wells Fargo"), which holds a mortgage on the Property, filed a $310,868.36 secured claim.[4] Based on the

---

[1] 11 U.S.C. § 1325(a)(5)(B)(iii)(I).

[2] The plan actually proposes to pay Select Portfolio Servicing, which is the servicer for the loan.

[3] Doc. No. 1, Schedule A.

[4] Claim No. 8-1. The claim included $83,197.67 in arrearages. *Id.*

agreement of the parties, however, the Court valued the Property at $135,000. Under her plan, the Debtor proposes to pay Wells Fargo $746 per month for fifty-nine months, with a balloon payment due on the sixtieth month, on its $135,000 secured claim.[5] Select Portfolio objects to the Debtor's proposed plan because it says the plan violates Bankruptcy Code § 1325(a)(5)(B).[6]

## Conclusions of Law

Under § 1325, a plan may be confirmed over the objection of a secured creditor so long as the debtor proposes to distribute property on account of the secured creditor's claim in an amount not less than the amount of the allowed claim.[7] The property distributed on account of a secured claim may come in the form of periodic payments. Section 1325, however, specifically provides that if the Debtor makes periodic payments on account of a secured claim, those payments "shall be in *equal* monthly amounts."[8]

On its face, the plain language of § 1325 appears to bar the Debtor's proposed balloon payment. After all, a balloon payment is, by definition, not an "equal monthly payment." And the overwhelming majority of courts that have considered the issue have held that a balloon payment runs afoul of the plain terms of § 1325.[9] In fact, the Debtor here has failed to cite any legal authority that would allow a balloon payment, and the Court is only aware of one that would support that proposition: *In re Davis*.[10]

---

[5] Doc. No. 44.

[6] Doc. No. 49.

[7] 11 U.S.C. § 1325(a)(5)(B)(ii).

[8] 11 U.S.C. § 1325(a)(5)(B)(iii)(I) (emphasis added).

[9] *See, e.g., In re Hamilton*, 401 B.R. 539, 543 (BAP 1st Cir. 2009) (explaining that "[o]verwhelmingly, courts have held that by its very terms, a balloon payment is not equal to the payment that preceded it, and thus violates § 1325(a)(5)(B)(iii)(I) with respect to periodic payments on a secured claim under a chapter 13 plan"); *In re Acosta*, 2009 WL 2849096, at *1 (Bankr. N.D. Cal. 2009); *In re Hill*, 397 B.R. 259, 263 (Bankr. M.D.N.C. 2007).

[10] 343 B.R. 326 (Bankr. M.D. Fla. 2006).

In *Davis*, the debtor proposed to cure $5,744.16 in mortgage arrearages over fifty-seven months. During the first ten months of his proposed plan, the debtor would not make any payments on account of his arrearages. Then the debtor would pay $122.23 for months 11 through 57. The mortgage holder objected because the payments were not in equal amounts, as required under § 1325(a)(5). The *Davis* court, relying in part on the Supreme Court's decision in *Rake v. Wade*, ultimately concluded that there was no need to construe the phrase "equal monthly payments" because § 1322(e)—which provides that the amount necessary to cure a mortgage default in a chapter 13 plan is determined by state law—technically overrode § 1325(a)(5).[11]

This Court disagrees with the reasoning in *Davis* for the same reason the court in *In re Hamilton* did.[12] According to the *Hamilton* court, § 1322 does not contradict—much less override—§ 1325(a)(5).[13] Section 1322 addresses a debtor's right to cure arrearages on long-term, secured debt, whereas § 1325 addresses the manner in which debtors must provide for secured claims. So the plain text of §§ 1322 and 1325 do not support the *Davis* court's interpretation. Besides, interpreting § 1322 to effectively override § 1325 is contrary to § 1325's legislative history.[14]

Before the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") was passed in 2005, § 1325 obligated a debtor to distribute property to a secured creditor in an amount not less than the amount of the secured creditor's allowed claim.[15] But pre-BAPCPA,

---

[11] *Id.* at 327-28 (analyzing *Rake v. Wade*, 508 U.S. 464 (1993)).

[12] *Hamilton*, 401 B.R. at 545.

[13] *Id.* at 545-46.

[14] *Id.* at 546.

[15] This, of course, assumes the secured creditor did not consent to the plan or that the debtor did not otherwise

§ 1325 did not require any distribution—in the event it was in the form of periodic payments—be made in equal monthly amounts. When Congress passed BAPCPA in 2005, it added the "equal monthly amounts" language to § 1325 to prevent debtors from making balloon payments:

> Changes in Section 1325(a)(5)(B) requiring adequate protection and equal monthly payments were intended by Congress to address two perceived abuses. First, because adequate protection payments were not explicitly required under prior law, unscrupulous debtors could propose plans that allowed them to use collateral for months without making payments (i.e., a moratorium on payments), then convert to Chapter 7 or move to modify their plan to surrender the collateral at a significantly depreciated value. Second, by requiring equal monthly payments over the life of a Chapter 13 plan (unless the secured claim is paid earlier), debtors cannot propose plans with a balloon payment at the end. Requiring, first, that adequate protection payments begin as soon as the case is filed and, second, that equal monthly payments provide adequate protection, will prevent creditors secured by personal property from suffering the economic consequences of the moratorium plans and the balloon plans. New Section 1325(a)(5)(B) prevents debtors from proposing plans that provide a moratorium on payments or provide for payments that do not amortize the secured claim by the end of the plan.[16]

## Conclusion

Both the plain language of § 1325 and its legislative history support the conclusion that balloon payments are not permitted in a chapter 13 plan. Because the Debtor proposes a balloon payment here, her plan runs afoul of § 1325. Accordingly, the Court has no choice but to deny confirmation.

**DATED**: _May 05, 2014_____.

_____
Michael G. Williamson
United States Bankruptcy Judge

---

surrender the secured creditor's collateral.

[16] *In re Hill*, 397 B.R. 259, 270 (Bankr. M.D.N.C. 2007).

Attorney Seth J. Greenhill is directed to serve a copy of this order on interested parties and file of proof of service within 3 days of entry of this order.

**Seth J. Greenhill, Esq.**
**Elizabeth R. Wellborn, P.A.**
*Counsel for Wells Fargo*

**John E. Kassos, Esq.**
**John E. Kassos, P.A.**
*Counsel for Debtor*